IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL IBARRA,<br><br>        Petitioner,<br><br>   vs.<br><br>BEN CURRY, Warden,<br><br>        Respondent. | No. C 07-6381 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of prison disciplinary proceedings which resulted in the loss of good time credits. Petitioner's motion to proceed in forma pauperis is DENIED as moot in light of his payment of the filing fee. This order dismisses the petition for failure to state a cognizable claim for relief.

## BACKGROUND

According to the petition, and the attachments thereto, prison officials found petitioner guilty of "mutual combat" with another inmate, and consequently revoked 61 days of good time credits. Petitioner claims that he was not at fault because the other inmate attacked him.

Petitioner challenged this discipline in three habeas petitions filed in all three levels of the California courts, claiming, as he does here, that the discipline violated his right to due process. The Monterey County Superior Court, relying on the "some evidence" standard from *Superintendent v. Hill*, 472 U.S. 445 (1985), found that the discipline did not violate Petitioner's right to due process because there was "some evidence" to support

the prison officials' finding that Petitioner was guilty of mutual combat. (Petition, Ex. I.) The California Court of Appeal and the California Supreme Court summarily denied the petitions filed therein. (Petition, Ex. J.)

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

Petitioner claims that the discipline he received violates his right to due process because the finding that he was guilty of mutual combat was "in error." The assessment of good-time credits against a Petitioner as a result of the disciplinary proceedings implicates a state created liberty interest protected by due process. *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995); *see* 15 Cal. Code of Regs. §§ 3320; *cf. Walker v. Sumner*, 14 F.3d 1415, 1419 (9th Cir. 1994) (finding Nevada regulations, which are similar to California's, create liberty interest). This means that the disciplinary proceedings must include all the procedural protections required by due process, as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The fact that Petitioner may have been innocent of the charges does not raise a due process issue, however. The Constitution demands due process, not error-free decision-making. *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994); *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983). Consequently, Petitioner's claim that he is not guilty of the disciplinary charges does not state a cognizable claim for the violation of his right to due process, or for federal habeas relief.

Petitioner argues that in denying his due process claim, the Monterey County Superior Court erred in applying the "some evidence" standard from *Hill*. Rather, he argues, the court should have required that Petitioner's guilt of mutual combat had to be established by a "preponderance of the evidence." While the "preponderance of the evidence" standard may be required by the state regulations and/or prison rules, the superior court is correct that the federal right to due process simply requires that the discipline be supported by "some evidence" that Petitioner engaged in mutual combat. *See Hill*, 472 U.S. at 454. Accordingly, Petitioner's argument that his guilty should have been supported by a "preponderance of the evidence" does not state a cognizable claim for the violation of his right to due process or for federal habeas relief.

Moreover, the Court notes that the guilty finding is in fact supported by some evidence. As noted by the superior court, both Petitioner and the other inmate, Enriquez, admitted to arguing in their cell. (Petition, Ex. G.) The argument led to a physical confrontation, resulting in injuries to both inmates, including deep scratches on Enriquez. (*Id.*) Based on this record, the superior court's rejection of Petitioner's due process claim, was neither contrary to nor an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). Accordingly, even if Petitioner set forth a cognizable due process claim, he would not be entitled to habeas relief on such a claim.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED for failure to state a cognizable claim for relief.

This order terminates Docket No. 2.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: April 24, 2008

　　　　　　　　　　　　　　　　　　　*/s/ Jeffrey S. White*
　　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL IBARRA,<br><br>    Plaintiff,<br><br>v.<br><br>BEN CURRY et al,<br><br>    Defendant.                 / | Case Number: CV07-06381 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rafael Ibarra
K02840
P.O. Box 689
Soledad, CA 93960

Dated: April 24, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk